■ KATHERINE J. BUNK, Appellant, v TRUSTCO BANK NATIONAL ASSOCIATION, Formerly Known as TRUSTCO BANK NEW YORK, Respondent. [706 NYS2d 482] —Crew III, J. Appeal from an order of the Supreme Court (Connor, J.), entered March 10, 1999 in Columbia County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was employed by Home and City Savings Bank and its predecessors in interest from 1969 to 1989 when she retired as manager of one of its loan centers.[1] In 1989, Home and City consolidated several loan offices, as the result of which

---

1. Defendant acquired Home and City Savings Bank after plaintiff's retirement and assumed administration of its retirement and insurance plans.

plaintiff's managerial position was eliminated. Plaintiff thereafter was offered nonmanagerial employment at the same salary in an office some 50 miles distant. Because plaintiff suffered from arthritis, she felt she could not tolerate the long commute or the typing, computer work and filing that her new job would entail. Accordingly, she wrote to Home and City advising of her intention to retire and requesting that she be forwarded information regarding retirement benefits.

Thereafter, plaintiff apparently had a number of conversations with representatives of Home and City's human resources department, during which she was advised that her life and medical insurance would continue following retirement but, if she took early retirement, her monthly benefits would be significantly reduced. Because plaintiff was confused concerning the benefits available, she requested written materials concerning her retirement options, which she received in September 1989. Thereafter, plaintiff decided to defer her retirement benefits until age 65 to avoid an early retirement penalty. Following her election for deferred benefits and cessation of her employment, plaintiff learned that her life insurance benefits had been canceled because she did not qualify for such benefits by reason of having elected to receive deferred retirement benefits. Still later, in 1992, plaintiff began receiving Social Security disability benefits upon a determination by the Social Security Administration that she was totally disabled as of the termination of her employment with Home and City in 1989.

Plaintiff commenced this action against defendant in July 1995 seeking disability retirement benefits and life insurance coverage. Following joinder of issue and discovery, defendant's motion for summary judgment dismissing the complaint was granted by Supreme Court. This appeal ensued.

Initially, plaintiff contends that Home and City's human resources personnel were aware that she was retiring for medical reasons and should have counseled her with regard to her potential entitlement to disability retirement. Having failed to do so, plaintiff claims that she is now entitled to make application for and receive such benefits. We disagree.

It is axiomatic that "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162). Here, plaintiff's entitlement to disability retirement clearly was provided for in Home and City's retirement plan, which was forwarded to plaintiff in September 1989. Pursuant to the plan, an employee must be totally and

permanently prevented from working in any job for which he or she is suited and must be so disabled at the time of his or her departure from the job. Implicitly, the employee must elect to take disability retirement prior to leaving the job in order for Home and City to make a determination as to eligibility. Having failed to make such election prior to retirement, plaintiff's present request is untimely.

To the extent plaintiff claims entitlement to such benefits on the basis of negligent misrepresentation (*see generally, Glanzer v Shepard*, 233 NY 236), we need note only that plaintiff has conceded that she received written communication from Home and City providing information concerning eligibility for disability retirement and that the form that she ultimately signed requesting retirement contained a box inquiring as to whether she was claiming disability retirement. Accordingly, plaintiff cannot claim prejudicial reliance.[2] As a final matter, we note that the information plaintiff provided to Home and City concerning her medical condition would not reasonably lead one to believe that she was totally disabled as defined by the plan. Rather, plaintiff's explanation would lead one to believe that the travel required of her new position, together with the required typing and filing, would prove to be so physically uncomfortable that she would prefer to retire. Indeed, according to plaintiff, at the time she applied for retirement, she did not consider herself to be disabled. Accordingly, Supreme Court properly dismissed plaintiff's cause of action seeking disability retirement benefits.

We reach a different conclusion with regard to plaintiff's entitlement to life insurance benefits. Home and City's group insurance plan provided that life insurance under the plan terminated when an employee quit active work except if he or she "retire[d] on pension". We reject defendant's contention that plaintiff was not entitled to life insurance because she was not receiving retirement benefits and, therefore, was not "retired on pension". In contraposition to "retires on pension" is "retires without pension", which clearly would be a disqualifying condition under the group insurance plan. In our view, where, as here, a person retires with deferred benefits, she is indeed retired on pension with the benefits she is to receive having been deferred to some time in the future. Notably, a review of the record reflects that the form executed by plaintiff bears the title "Application for Retirement Benefits and Election of Benefit Payment Form", thus distinguishing between

---

2. In any event, a claim for negligent misrepresentation sounds in tort, and plaintiff clearly has pleaded entitlement to contractual relief.

entitlement to retirement benefits and the manner in which they will be paid (*see, Gediman v Anheuser Busch*, 299 F2d 537, 539; *cf., Su v Su*, 268 AD2d 945).[3] Accordingly plaintiff, not defendant, is entitled to summary judgment on plaintiff's second cause of action.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of defendant's motion for summary judgment seeking dismissal of plaintiff's second cause of action seeking reinstatement of her life insurance benefits; said motion is denied to that extent and summary judgment is awarded to plaintiff on the second cause of action; and, as so modified, affirmed.

(April 7, 2000)

---

**3.** The provision contained in Home and City's plan should be distinguished from plans, such as defendant's, which provide that "employee" means a retiree who is receiving a monthly pension.